OPINION
Appellants Robin and Joseph McGuire are appealing the decision of the Licking County Court of Common Pleas that granted Appellees KG Management Company ("KG") and Avant Company's ("Avant") motion for summary judgment. The following facts give rise to this appeal.
On May 10, 1996, Devin McGuire, twenty-six months old, fell from a second story window in his family's townhouse apartment. This occurred while Devin and his eight-year old cousin were playing in Devin's bedroom. Devin and the window screen suddenly toppled through the window and Devin fell to the sidewalk below. Prior to this accident, Appellants Robin and Joseph McGuire entered into a rental agreement with Appellee KG on December 18, 1995. Appellee KG is the lessor of the property and Avant is the owner of the land and improvements to the property. Avant contracted with KG to manage the property, which is part of the complex known as Indiana Place.
Robin McGuire noticed the loose-fitting condition, of the screen, in Devin's bedroom, on Monday, May 6, 1996, five days prior to Devin's fall. Mrs. McGuire immediately notified KG about the screen when she discovered it had fallen from the window and was laying in the bushes below. Prior to Devin's fall, other residents in the apartment complex also notified KG of the loose-fitting screens.
As a result of the fall, Appellants Robin and Joseph McGuire filed suit, on behalf of themselves and their minor son, on January 22, 1997. Appellees KG and Avant were named as defendants. In their complaint, appellants allege negligent maintenance, repair and management of their apartment as a proximate cause of Devin's injuries. Appellees subsequently filed a motion for summary judgment. The trial court granted appellees' motion for summary judgment on March 9, 1998. Appellants timely filed their notice of appeal and set forth the following assignments of error for our consideration:
 I. BY MISAPPLICATION OF R.C. § 5321.04 AND SHROADES V. RENTAL HOMES, INC., 68 OHIO ST.2D 20 (1981), THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT TO APPELLEES.
 II. RENDERING THE TRIAL COURT'S BASIS FOR SUMMARY JUDGMENT FLAWED, THE TRIAL COURT ERRED IN ITS RELIANCE ON THE OPINION OF APPELLEES' EXPERT, HAL I. DUNHAM, P.E., SINCE HIS SWORN OPINIONS ARE SUBJECT TO ATTACK UNDER THE STANDARD OF STINSON V. ENGLAND, 69 OHIO ST.3D 451 (1994), AND EVID.R. 702(C).
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellants' assignments of error.
 I
Appellants maintain, in their first assignment of error, the trial court misapplied R.C. 5321.04 and the law as set forth inShroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20. We disagree.
Appellants claim appellees are liable under R.C.5321.04(A)(2). This section of the code provides as follows:
 (A) A landlord who is a party to a rental agreement shall do all of the following:
* * *
 (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;
In Shroades, the Ohio Supreme Court recognized a landlord could be held liable if special circumstances were proven. One special circumstance exists when a duty is imposed by statute. "A landlord is liable for injuries, sustained on the demised residential premises, which are proximately caused by the landlord's failure to fulfill the duties imposed by R.C. 5321.04."Id. at syllabus. A failure to fulfill statutory duties under R.C.5321.04 is negligence per se. Id. at 25. In order to make a claim, under Shroades, against a landlord, the tenant must demonstrate that proximate cause exists and that the landlord knew of the defect or the tenant made reasonable attempts to notify the landlord of the defect. Roberson v. Insignia Management Group,L.P. (Dec. 20, 1995), Hamilton App. No. C-940968, unreported.
In support of their claim against appellees, appellants point to the fact that five days prior to their son's fall, appellants notified appellees of the problem with the screen. Further, before Devin's fall, other tenants had similarly complained of loose-fitting screens. Appellants contend these notices concerning the loose-fitting screens demonstrate appellees had notice of the defective screens and therefore, appellees breached their duty under R.C. 5321.04(A)(2). We agree this evidence is sufficient to create a question of material fact as to the issue of notice.
However, as in Roberson, we find appellants have failed to create an issue of fact as to whether appellees failed to perform their duties pursuant to R.C. 5321.04(A)(2). Case law, in this state and other jurisdictions, has held the purpose of window screens is not child restraint but to provide ventilation and to keep birds and insects out of the apartment. Roberson at 2, citing Riley v. Cincinnati Metropolitan Housing Authority (1973),36 Ohio App.2d 44, Lamkin v. Towner (1990), 138 Ill.2d 510. Appellees presented no evidence that the screen in question did not serve the purpose for which it was installed. Based upon this, we find appellees did keep the apartment "fit and habitable" with regards to the window screen since the purpose of window screens is not to prevent tenants from exiting through the windows.
Appellants' first assignment of error is overruled.
 II
In their second assignment of error, appellants contend the trial court erred when it relied on the opinion of appellees' expert, Hal I. Dunham, since he admitted that he could not render an opinion to a reasonable degree of engineering probability as to whether or not the child would fall from a window with a properly installed and maintained screen. We disagree.
Appellants challenge Dunham's expert testimony under Evid.R. 702. We will not address Dunham's testimony as it relates to Evid.R. 702. We instead find Dunham's testimony, as to whether a properly maintained window screen would prevent a child from falling, irrelevant since the purpose of window screens is not to prevent tenants from exiting through the windows. Therefore, even though appellees had notice of the defective screen, the injuries Devin McGuire received when he fell from the window were not proximately caused by appellees' breach of a duty under R.C.5321.04, as appellees had no duty to maintain the window screens to prevent tenants from falling through the windows.
Appellants' second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.